UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BRADLEY TANKIEWICZ, | : | CIVIL ACTION NO. |
| | : | 13-CV-3914(JS)(ARL) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED SERVICE WORKERS UNION | : | |
| LOCAL 74 and PINELAWN CEMETARY | : | |
| Defendants. | : | OCTOBER 11, 2013 |

## DEFENDANT PINELAWN CEMETERY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

DUANE MORRIS LLP
Eve I. Klein, Esq.
Eric W. Ruden, Esq.
1540 Broadway
New York, NY 10036
Tel. (212) 692-1000

*ATTORNEYS FOR THE DEFENDANT*
*PINELAWN CEMETERY*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................................ 1

FACTS ............................................................................................................................................... 2

ARGUMENT ..................................................................................................................................... 3

I.     LEGAL STANDARDS ........................................................................................................ 3

II.     PLAINTIFF FAILS TO ALLEGE A CLAIM FOR BREACH OF THE DUTY OF FAIR REPRESENTATION........................................................................................................... 4

III.     BECAUSE PLAINTIFF HAS NO VIABLE CLAIM AGAINST THE UNION, PLAINTIFF'S CLAIM AGAINST PINELAWN MUST FAIL......................................... 6

IV.     IF THE COURT DISMISSES PLAINTIFF'S FEDERAL LAW CLAIMS, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS ....................................................... 7

CONCLUSION.................................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Cases**

*Arnold v. 1199 SEIU*,
   420 Fed. Appx. 48 (2d Cir. 2011)..........................................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................................................3-5

*Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC*,
   414 Fed. Appx. 334 (2d Cir. 2011)........................................................................................7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................................3-4

*Ciliberti v. IBEW Local 3*,
   2012 U.S. Dist. LEXIS 95406 (E.D.N.Y. Jul. 10, 2012)......................................................8

*DelCostello v. Int'l Brotherhood of Teamsters*,
   462 U.S. 151 (1983), *aff'd*, 762 F.2d 1219 (4th Cir. 1985).................................................6

*Gear v. Dep't of Educ.*,
   2010 U.S. Dist. LEXIS 137153 (S.D.N.Y. Dec. 21, 2010),
   *aff'd*, 472 Fed. Appx. 67 (2d Cir. 2012) .............................................................................8

*Hayden v. Paterson*,
   594 F.3d 150, 161 (2d Cir. 2010)......................................................................................3-4

*Landon v. Ithaca College*,
   2013 U.S. Dist. LEXIS 74400 (N.D.N.Y. May 28, 2013)....................................................6

*Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*,
   712 F.3d 705 (2d Cir. 2013).................................................................................................7

*Saluja v. Local 1199 United Healthcare Workers East*,
   363 Fed. Appx. 91 (2d Cir. 2010).........................................................................................6

*Sampson v. Dist. Council of N.Y. City*,
   2012 U.S. Dist. LEXIS 141822 (S.D.N.Y. Sep. 27, 2012)...................................................8

*Semper v. N.Y. Methodist Hosp.*,
   2010 U.S. Dist. LEXIS 142398 (E.D.N.Y. Mar. 30, 2010).................................................5

*Swayne v. Mount Joy Wire Corp.*,
   2012 U.S. Dist. LEXIS 46236 (E.D. Pa. Mar. 29, 2012).....................................................6

*UPS v. Mitchell*,
    451 U.S.56 (1981)..................................................................................................................6

*White v. White Rose Food*,
    237 F.3d 174 (2d Cir. 2001)...............................................................................................4, 6

*Yeftich v. Navistar, Inc.*,
    2013 U.S. App. LEXIS 12239 (7th Cir. Jun. 18, 2013).........................................................6

**Statutes**

28 U.S.C. § 1367(a) .......................................................................................................................7

28 U.S.C. § 1367(c) .......................................................................................................................7

29 U.S.C. §185................................................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...........................................................................................................1, 4, 8

Defendant, Pinelawn Cemetery ("Pinelawn")[1], by and through its counsel, Duane Morris LLP, respectfully submits this memorandum of law in support of its motion to dismiss the complaint (the "Complaint"), filed by Plaintiff Bradley Tankiewicz's ("Plaintiff"), dated July 12, 2013, in its entirety pursuant to Rule 12(b)(6) for failing to sufficiently allege a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Plaintiff's Complaint alleges a hybrid claim pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, against Pinelawn Cemetery ("Pinelawn" or the "Company") and Plaintiff's collective bargaining representative, United Service Workers Union Local 74 (the "Union").  The Complaint alleges that Pinelawn breached the collective bargaining agreement ("CBA") between it and the Union when it terminated Plaintiff[2] and alleges the Union breached its duty of fair representation to Plaintiff by not processing Plaintiff's grievance against Pinelawn regarding his termination of employment.  Plaintiff additionally alleges claims against Pinelawn under the New York State Human Rights Law ("NYSHRL") for failure to reasonably accommodate, discriminatory termination based on disability, and discriminatory termination based on perceived disability.  Because Plaintiff fails to properly allege a claim for breach of duty of fair representation against the Union under the LMRA, Plaintiff's claim against Pinelawn for breach of the CBA must fail and the Court should decline supplemental jurisdiction over Plaintiff's state NYSHRL claims.

It is well established that a plaintiff alleging a Section 301 claim against the employer for breach of a collective bargaining agreement must also be able to demonstrate that the union

---

[1] Pinelawn's name is incorrectly spelled in the Complaint.

[2] The Complaint incorrectly states that the Union terminated Plaintiff's employment.  Complaint ¶ 86.

breached its duty of fair representation.  In Plaintiff's Complaint, Plaintiff fails to sufficiently plead any facts to the effect that the Union's decision to not proceed with Plaintiff's grievance was arbitrary, discriminatory, or in bad faith, and therefore that it breached its duty of fair representation in declining to pursue Plaintiff's grievance.  Because Plaintiff has failed to sufficiently plead a claim against the Union, Plaintiff's claim against Pinelawn for breach of the CBA must also fail.  With no remaining federal claims against the Defendants, the Court should decline supplemental jurisdiction at this early stage of the proceedings and dismiss this Action.

## FACTS

Plaintiff was employed by Pinelawn from on or about May 2005 to March 23, 2013 as a Driver/Maintenance Worker.  Complaint ¶ 20.  Plaintiff's job responsibilities regularly included "arduous physical labor" in connection with servicing funerals, carrying caskets to graves, setting bronzes, tamping graves, and maintaining the grounds.  Complaint ¶¶ 29, 43, 47.

During Plaintiff's employment, Plaintiff was an extremely poor worker and was disciplined on multiple occasions, including more than 60 written performance write-ups. Complaint ¶ 46.  Plaintiff admits he was issued a three-day suspension on or about December 2012, for being in a dump area to dump top soil earlier than he was supposed to be.  Complaint ¶ 57.  Plaintiff filed a grievance with the Union, the Union grieved Plaintiff's suspension and the Union participated in a grievance meeting; the suspension was upheld.  Complaint ¶¶ 58, 73, 74.

On or about November 2012, one of Pinelawn's bulldozers was set ablaze and destroyed, causing substantial financial damage to Pinelawn.  Complaint ¶ 52.  Pinelawn immediately notified the police and filed a report.  Complaint ¶ 52.  Pinelawn hired a private investigation firm, launched an internal investigation and offered a $10,000 reward for information leading to the arrest and conviction of the parties responsible for the arson.  Complaint ¶¶ 53, 54.

The investigation revealed that Plaintiff had advance knowledge that Pinelawn's bulldozer was going to be intentionally torched and failed to warn Pinelawn or disclose this information to any law enforcement authority, which finding Pinelawn communicated to Plaintiff. Complaint ¶¶ 55, 66. During Pinelawn's investigation, Plaintiff disclaimed any knowledge or involvement concerning the arson.[3] Complaint ¶ 55. Based on this serious misconduct, Pinelawn terminated Plaintiff on March 23, 2013 and expressly informed him of the basis for his termination. Complaint ¶ 66.

Plaintiff alleges that he filed a formal grievance with the Union on or about April 2013 regarding his termination. Complaint ¶ 72. The Union decided not to proceed with Plaintiff's grievance. Complaint ¶ 76.

## ARGUMENT

### I.   LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Applying the *Iqbal* and *Twombly* doctrine, the Second Circuit in *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010), articulated a "two-pronged approach" that district courts in this

---

[3] Importantly, Plaintiff never alleges in the Complaint that he did not actually have knowledge or involvement concerning the arson.

3

Circuit must conduct when evaluating the sufficiency of a complaint. First, the "court can choose to begin by identifying pleadings, that because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Second, the court "should determine whether the well-pleaded factual allegations, assumed to be true, plausibly give rise to an entitlement to relief." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

## II.   PLAINTIFF FAILS TO ALLEGE A CLAIM FOR BREACH OF THE DUTY OF FAIR REPRESENTATION

"A claim for breach of the duty of fair representation consists of two elements." *White v. White Rose Food*, 237 F.3d 174, 179 (2d Cir. 2001). "First, a union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* Second, if a plaintiffs establishes the first element of the claim, he must then also prove "a causal connection between the union's wrongful conduct and [his] injuries." *Id.* "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Id.* "This wide range of reasonableness gives the union room to make discretionary decisions and choices, even if those judgments are ultimate wrong." *Id.* "A showing of bad faith requires a showing of fraudulent, deceitful, or dishonest action." *Id.*

In *Twombly*, the United States Supreme Court explained that "[w]hile a complaint attacked by a *Rule 12(b)(6)* motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. The Court expanded on this in *Iqbal* stating that a complaint must offer

4

more than "a sheer possibility that a defendant has acted unlawfully." 556 U.S. at 678. Here, Plaintiff has failed to provide anything other than a formulaic recitation of the elements of a Section 301 breach of duty of fair representation claim.

Plaintiff fails sufficiently to plead facts that demonstrate a plausible entitlement to relief for breach of duty of fair representation. "Where a plaintiff has not alleged any facts to support her claims of breach of duty of good faith, the claim must be dismissed." *Semper v. N.Y. Methodist Hosp.*, 2010 U.S. Dist. LEXIS 142398, at *40 (E.D.N.Y. Mar. 30, 2010).

In the Complaint, Plaintiff alleges only in conclusory fashion that "Local 74's conduct toward Plaintiff is arbitrary, discriminatory and/or with malice and in bad faith." Complaint ¶ 77. Plaintiff additionally alleges that he "had a meritorious grievance, Defendant Local 74 was aware of Plaintiff's grievance, and the union has acted arbitrarily in failing to process the grievance." Complaint ¶ 78. These conclusory allegations are insufficient to support Plaintiff's claim as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Semper*, at *10. "Even where a plaintiff alleges 'arbitrary and bad faith conduct' on the part of the union, conclusory allegations are insufficient to defeat a motion to dismiss." *Id.* at *41. Like in *Semper*, "Plaintiff fails to make any claim regarding the manner in which or reasons behind the Union's failure to process [his] grievance." *Id.*

Plaintiff's lack of factual allegations to support his claim of breach of duty of fair representation evidences that Plaintiff's claim is really a disagreement with the Union for not proceeding with what the Union determined was a meritless grievance. The fact that the Union proceeded with Plaintiff's grievance of his December 2012 suspension bolsters the fact that the Union fairly represented him and did not act arbitrarily or in bad faith. Plaintiff's disagreement with the Union's decision to not proceed with his subsequent grievance cannot support a breach

5

of duty of fair representation claim because of the "wide range of reasonableness" given to the Union to make decisions. *See White Rose Foods*, 237 F.3d at 179. Given Pinelawn's stated and quite serious reason for terminating Plaintiff, i.e., his advance knowledge of an act of arson to its bulldozer, there is no basis to believe, nor has any been alleged, that the Union's decision to decline to grieve Plaintiff's discharge was based on arbitrary or discriminatory reasons. Thus the Court should dismiss Plaintiff's claim against the Union for breach of its duty of fair representation.

### III.    BECAUSE PLAINTIFF HAS NO VIABLE CLAIM AGAINST THE UNION, PLAINTIFF'S CLAIM AGAINST PINELAWN MUST FAIL

For claims against the employer for breach of a collective bargaining agreement, "[i]t is not enough…for an employee…to prove that he was discharged in violation of the collective bargaining agreement." *UPS v. Mitchell,* 451 U.S. 56, 62 (1981)  Claims against the employer for breach of a collective bargaining agreement and against the union for breach of its duty of fair representation are "inextricably interdependent." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983), *aff'd*, 762 F.2d 1219 (4th Cir. 1985). "An employee may sue either his employer or the Union, or both, in a hybrid Section 301/fair representation claim, but to prevail, the employee must not only show that his discharge was contrary to the contract, but must also carry the burden of demonstrating breach of duty by the Union." *Saluja v. Local 1199 United Healthcare Workers East*, 363 Fed. Appx. 91, 93 (2d Cir. 2010).

Courts have routinely dismissed Section 301 claims against the employer where the plaintiff insufficiently alleged a claim for breach of the duty of fair representation against the union. *See e.g.*, *Arnold v. 1199 SEIU*, 420 Fed. Appx. 48 (2d Cir. 2011); *Landon v. Ithaca College*, 2013 U.S. Dist. LEXIS 74400 (N.D.N.Y. May 28, 2013); *Yeftich v. Navistar, Inc.*, 2013 U.S. App. LEXIS 12239 (7th Cir. Jun. 18, 2013); *Swayne v. Mount Joy Wire Corp.*, 2012 U.S.

Dist. LEXIS 46236 (E.D. Pa. Mar. 29, 2012). Here, Plaintiff's claim against Pinelawn for breach of the CBA must fail because Plaintiff has insufficiently alleged a claim against the Union for breach of its duty of fair representation, as argued above.

IV. **IF THE COURT DISMISSES PLAINTIFF'S FEDERAL LAW CLAIMS, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS**

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…" However, 28 U.S.C. § 1367(c) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if…the district court has dismissed all claims over which it has original jurisdiction…"

The Second Circuit has held that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 727 (2d Cir. 2013). Courts have generally held that "where all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims." *Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC*, 414 Fed. Appx. 334, 337 (2d Cir. 2011).

Here, judicial economy, convenience and fairness to the parties weigh in favor of the Court declining to exercise supplemental jurisdiction over Plaintiff's' New York State Human

7

Rights Law claims in the event the Court dismisses Plaintiff's' federal law claims.[4] The case is still in the pleading stage, and discovery has not commenced. Furthermore, the issues raised by Plaintiffs' state law claims are not routine factual questions or simple principles of state law. Courts in this Circuit have readily declined to exercise supplemental jurisdiction over plaintiff's state claims where plaintiff's LMRA claims were dismissed. *See Gear v. Dep't of Educ.*, 2010 U.S. Dist. LEXIS 137153, at *16 (S.D.N.Y. Dec. 21, 2010), *aff'd*, 472 Fed. Appx. 67 (2d Cir. 2012) (declining supplemental jurisdiction over plaintiff's New York State Human Rights Law and New York City Human Rights Law claims after dismissing plaintiff's LMRA claims); *Sampson v. Dist. Council of N.Y. City*, 2012 U.S. Dist. LEXIS 141822, at *21 (S.D.N.Y. Sep. 27, 2012); *Ciliberti v. IBEW Local 3*, 2012 U.S. Dist. LEXIS 95406, at *39 (E.D.N.Y. Jul. 10, 2012). This Court should follow the well-established precedent and decline to exercise supplemental jurisdiction over Plaintiff's state-law claims if the Court dismisses Plaintiff's LMRA claims.

## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that this Court: (1) pursuant to Fed. R. Civ. P. 12(b)(6), dismiss Plaintiff's First Cause of Action for failure to state a claim upon which relief can be granted; (2) decline supplemental jurisdiction of Plaintiff's Second, Third, and Fourth Causes of Action; and (3) grant Defendant such other relief as this Court may deem just and proper.

---

[4] Plaintiff alleges that he is disabled due to on-the-job injuries and that Pinelawn refused to accommodate him and discriminated against him on this basis in violation of the New York State Human Rights Law. Although this claim is beyond the scope of this motion, it should be noted that it is meritless. Plaintiff admits in his Complaint that he was out of work for 11 months and was reinstated to work upon full clearance from his doctor since, as Plaintiff acknowledges, his job involved arduous physical labor.

DUANE MORRIS LLP

By    /s/ *Eve I. Klein*
    Eve I. Klein, Esq.
    Eric W. Ruden, Esq.
    1540 Broadway
    New York, NY 10036
    Tel. (212) 692-1000
    Fax. (212) 214-0650
    eiklein@duanemorris.com
    eruden@duanemorris.com
    Attorneys for Defendant Pinelawn Cemetery

## **CERTIFICATION**

      I hereby certify that on this **11th** day of **October, 2013**, a copy of the above document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing. A complete, duplicate copy of this document has been forwarded directly to Judge Seybert.

      /s/ *Eric W. Ruden*
      Eric W. Ruden, Esq.