UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
BRADLEY TANKIEWICZ,

                  13-CV-3914 (JS)(ARL)

        Plaintiff,

   -against-

UNITED SERVICE WORKERS UNION LOCAL 74
and PINELAWN CEMETARY,

        Defendants.
---------------------------------------------------------------------------X


**LOCAL 74'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**


O'DWYER & BERNSTIEN, LLP
*Attorneys for Defendant*
*United Service Workers Union Local 74*
52 Duane Street, 5th Floor
New York, NY 10007
(212) 571-7100

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ...............................................................................................1

**FACTS** ........................................................................................................................................1

**ARGUMENT** .............................................................................................................................3

POINT I
STANDARDS APPLICABLE ON THIS RULE 12(b)(6) MOTION TO DISMISS ............3

POINT II
PLAINTIFF FAILS TO STATE A HYBRID LMRA SECTION 301/BREACH
OF THE DFR CLAIM .................................................................................................................5

    A. Plaintiff fails to state a claim for breach of the
       duty of fair representation ..................................................................................5

    B. Plaintiff fails to state a claim for breach of the CBA by Pinelawn .......................10

POINT III
THE COURT SHOULD DENY PLAINTIFF LEAVE TO AMEND THE
COMPLAINT ............................................................................................................................10

**CONCLUSION** .......................................................................................................................12

## TABLE OF AUTHORITIES

**Case**                                                                                               **Page(s)**

Amna v. New York State Dept. of Health,
  2009 WL 6497844 (E.D.N.Y. Sept. 3, 2009),
  report and recommendation adopted,
  2010 WL 2076015 (E.D.N.Y. May 20, 2010) ………………………………… 11

Ashcroft v. Iqbal,
  556 U.S. 662, 129 S.Ct. 1937 (2009) ……………………………………….... 3

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 127 S. Ct. 1955 (007) ………………………………………….. 3, 4

Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638,
  227 F.3d 29 (2d Cir. 2000) …………………………………………………... 5

Chepilko v. City of New York,
  2010 WL 3926186 (E.D.N.Y. Sept. 8, 2010) ………………………………….. 11

Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,
  282 F.3d 83, 88 (2d Cir. 2002)), report and recommendation adopted,
  2010 WL 3909211 (E.D.N.Y. Sept. 27, 2010)…………………………………. 11

Giglio v. Buonnadonna Shoprite, LLC,
  2009 WL 3150431 (E.D.N.Y. Sept. 25, 2009) ………………………………. 5, 6

Gvozdenovic v. United Airlines, Inc.,
  933 F.2d 1100 (2d Cir. 1991) ………………………………………………... 6

Health-Chem Corp. v. Baker,
  915 F.2d 805 (2d Cir.1990) ………………………………………………….. 11

Heller v. Consolidated Rail Corp.,
  331 Fed.Appx. 766, 2009 WL 1448977 (2d Cir. 2009) ……………………….. 11

Hoy v. Inc. Village of Bayville,
  765 F.Supp.2d 158, 163 (E.D.N.Y. 2011) …………………………………… 1, 2

Jordan v. Viacom Outdoor Group,
  475 F.Supp.2d 440, 444 (S.D.N.Y. 2007) ……………………………………. 5

Llanos v. Brookdale Univ. Hosp. & Med. Center,
  2011 WL 809615 (E.D.N.Y. Mar. 2, 2011) …………………………………. 6, 8

Lucente v. International Business Machine Corp.,
    310 F.3d 243, 258 (2d Cir. 2002) …………………………………………………. 11

Moore v. Roadway Express, Inc.,
    2008 WL 819049 (E.D.N.Y. Mar. 25, 2008) ……………………………………. 8

Nicholls v. Brookdale Univ. Hospital and Medical,
    2005 WL 1661093 (E.D.N.Y. July 14, 2005) …………………………………… 8

Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers,
    415 F.3d 279 (2d Cir.2005) ……………………………………………………… 8

Scroxton v. Town of Southold,
    2010 WL 1223010 (E.D.N.Y. Mar. 24, 2010) ………………………………….. 3

Semper v. New York Methodist Hosp.,
    786 F. Supp. 2d 566, (E.D.N.Y. 2011) ………………………………………….. 7, 8

Sim v. New York Mailers' Union Number 6,
    166 F.3d 465 (2d Cir. 1999) …………………………………………………….. 9

Smith v. Drug, Chem., Cosmetic, Plastics & Affiliated Indus. Warehouse Employees Local 815,
    943 F.Supp. 224, 242 (E.D.N.Y. 1996) ………………………………………... 3

Spellacy v. Airline Pilots Assoc. International,
    156 F.3d 120 (2d Cir. 1998) ……………………………………………………6, 8, 9

U.S. v. Bonanno Organized Crime Family of La Cosa Nostra,
    879 F.2d 20 (2d Cir. 1989) …………………………………………………….. 4

Vaca v. Sipes,
    386 U.S. 171, 87 S.Ct. 903 (1967) …………………………………………….. 3

Vaughn v. Air Line Pilots Ass'n, Intern.,
    604 F.3d 703 (2d Cir. 2010) ……………………………………………………. 9

White v. White Rose Food,
    237 F.3d 174 (2d Cir. 2001) ……………………………………………………. 10

**Statutes and Rules**  **Page(s)**

Fed. Rule Civ. Proc. 8(a)(2) ……………………………………………………… 3

29 U.S.C. § 185……………………………………………………………………… 5

29 U.S.C. § 151 *et seq.* …………………………………………………………….. 5

**PRELIMINARY STATEMENT**

This memorandum of law is submitted on behalf of defendant United Service Workers Union Local 74 (hereinafter "Local 74") in support of its motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6).

The complaint should be dismissed as against Local 74 for failure to state a claim, as plaintiff does not sufficiently allege that Local 74 violated its duty of fair representation in this matter, or that defendant Pinelawn Cemetery ("Pinelawn") violated the applicable collective bargaining agreement by terminating plaintiff's employment. Additionally, leave to amend the complaint or re-file should be denied by the Court as the deficiencies in plaintiff's complaint cannot be cured, therefore, any amendment or re-filing of the claim against Local 74 would be futile.

**FACTS[1]**

Defendant Local 74 is a labor organization representing certain employees of defendant Pinelawn Cemetery ("Pinelawn"). (Doc. 1, Compl. ¶¶11-12) Local 74 and Pinelawn are signatories to a collective bargaining agreement ("CBA"), which, *inter alia*, sets the terms and conditions of employment of employees such as plaintiff. (Id. ¶9; CBA between Local 74 (or its predecessor unions) and Pinelawn, a copy of which is annexed as Exhibit "A" to the Declaration of Zachary Harkin, Esq.) [2]  Plaintiff is an individual previously employed by Pinelawn and represented by Local 74 pursuant to the CBA. (Id.)

---

[1] The properly alleged facts contained in the complaint are deemed true only for purposes of this motion.

[2] Consideration of the CBA as part of the instant Rule 12(b)(6) motion is appropriate because it is incorporated by reference in plaintiff's complaint. See Hoy v. Inc. Village of Bayville, 765 F.Supp.2d 158, 163 (E.D.N.Y. 2011)(stating that a court may consider, *inter alia*, documents that are incorporated by reference in the complaint on a Rule 12(b)(6) motion to dismiss).

On or about March 23, 2013, plaintiff was terminated from his employment with Pinelawn for having prior knowledge of a suspected act of arson that destroyed a bulldozer belonging to Pinelawn and failing to warn Pinelawn or contact law enforcement regarding same. (Id. ¶66; March 26, 2013 termination letter, a copy of which is annexed as Exhibit "B" to the Declaration of Zachary Harkin, Esq.)[3] Plaintiff's termination was also based on the fact that Pinelawn believed he lied to Pinelawn's investigators when he denied any knowledge of the incident in question, and plaintiff's extremely poor work record and disciplinary history. (March 26, 2013 termination letter, Ex. "B" to Harkin Decl.) On April 3, 2013, Local 74 grieved this termination on behalf of plaintiff. (Id. ¶72; April 3, 2013 grievance letter, a copy of which is annexed as Exhibit "C" to the Declaration of Zachary Harkin, Esq.)[4] On or about April 23, 2013, plaintiff, Local 74, and Pinelawn attended a grievance meeting regarding a prior disciplinary incident from December 2012. (Compl. ¶73) At this meeting, Local 74 representative Mike Herron advised plaintiff that he would get back to him regarding his April 3, 2013 termination grievance. (Compl. ¶75) Local 74 declined to proceed to arbitration with respect to plaintiff's April 3, 2013 termination grievance. (Compl. ¶76)

Under the CBA, Pinelawn must have just cause to discipline or terminate covered employees. (CBA, Harkin Decl. Ex. "A") The CBA does not give an individual employee the right to an arbitration hearing regarding his or her termination, does not entitle the employee to

---

[3] Consideration of the March 26, 2013 termination letter as part of the instant Rule 12(b)(6) motion is appropriate because the termination letter is incorporated by reference in the complaint, and integral to the complaint and relied upon therein. See Hoy v. Inc. Village of Bayville, 765 F.Supp.2d at 163 (allowing consideration of "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference").

[4] Consideration of the April 3, 2013 grievance letter as part of the instant Rule 12(b)(6) motion is appropriate because the grievance letter is incorporated by reference in the complaint, and integral to the complaint and relied upon therein. See Hoy supra.

2

reinstatement or back pay, and does not provide an individual employee with a reasonable time to prepare a defense. (Id.) The only parties to the CBA and arbitration agreement found therein are Local 74 (or its predecessors) and Pinelawn. (Id.) Under the CBA and controlling legal authority, only Local 74 has the authority to arbitrate grievances arising under the CBA. (Id.)[5]

## ARGUMENT

## POINT I

## STANDARDS APPLICABLE ON THIS RULE 12(b)(6) MOTION TO DISMISS

To survive a motion to dismiss, the proposed amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. 662, 129 S.Ct. at 1950. "The complaint must be enough to raise a right to relief above the speculative level." Scroxton v. Town of Southold, 2010 WL 1223010, at *3 (E.D.N.Y. Mar. 24, 2010) (citing Twombly, 550 U.S. 544, 127 S.Ct. 1955). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. 662, 129 S.Ct. at 1950, quoting Fed. Rule Civ. Proc. 8(a)(2). A complaint that merely asserts "'naked assertion[s]' devoid of 'further factual enhancement'" fails to comply with Rule

---

[5] "[I]t is of course well-established that a disaffected employee has no absolute right to have her grievance taken to arbitration." Smith v. Drug, Chem., Cosmetic, Plastics & Affiliated Indus. Warehouse Employees Local 815, 943 F.Supp. 224, 242 (E.D.N.Y. 1996)(citing Vaca v. Sipes, 386 U.S. 171, 191, 87 S.Ct. 903, 917 (1967)).

3

8. Id., quoting Twombly, 550 U.S. at 557. The general rule that a court must accept as true all the allegations in the complaint does not apply to legal conclusions. U.S. v. Bonanno Organized Crime Family of La Cosa Nostra, 879 F.2d 20, 27 (2d Cir. 1989) ("[L]egal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." [citations omitted]).

Applying the above principles to the instant action, plaintiff has failed to allege facts that cross the "line from conceivable to plausible" and the complaint must be dismissed in turn. Twombly, 550 U.S. at 570. The complaint is replete with allegations that are nothing more than conclusory statements completely devoid of sufficient factual enhancement. As such, the Court should not accept as true the allegations in the complaint that are of a conclusory nature. (See, e.g., Compl. ¶¶ 77, 78) Plaintiff's remaining allegations do not plausibly establish a hybrid Section 301/fair representation cause of action, as he does not plausibly allege a claim for breach of the duty of fair representation by Local 74, or breach of the CBA by Pinelawn. Accordingly, the action against Local 74 should be dismissed in its entirety.

It is also important to note the apparent "artful" pleading of plaintiff's complaint in determining the instant motion to dismiss. Plaintiff makes some factual allegations up to a certain point in the complaint, and then resorts to legal conclusions and generalized statements (e.g. from the date of his termination moving forward) with respect to matters upon which it is believed plaintiff had specific knowledge. Local 74 submits that plaintiff's "cherry picking" of factual allegations should be considered in deciding the instant motion to dismiss, especially with respect to whether the documents submitted by Local 74 herein can be considered under Rule 12(b)(6) standards.

# POINT II

## PLAINTIFF FAILS TO STATE A HYBRID LMRA SECTION 301/BREACH OF THE DFR CLAIM

Plaintiff's alleges a breach of the duty of fair representation by Local 74 as part of his hybrid Section 301/fair representation claim against Local 74 and Pinelawn.[6] It is well settled that "[t]o prevail on a hybrid § 301/fair representation claim, a plaintiff must not only show that his discharge was contrary to the contract, but must also demonstrate breach of duty by his union." Giglio v. Buonnadonna Shoprite, LLC, 2009 WL 3150431, *5 (E.D.N.Y. Sept. 25, 2009). Thus, in order to properly allege a hybrid Section 301/fair representation claim against either Local 74 or Pinelawn, plaintiff must properly allege a breach of Local 74's duty of fair representation, and a violation of the applicable CBA by Pinelawn in connection with his termination from employment.

As explained below, plaintiff has not properly alleged either component of his hybrid Section 301/fair representation claim. Accordingly, the complaint should be dismissed as to Local 74.

### A. Plaintiff fails to state a claim for breach of the duty of fair representation

Whether plaintiff has made out a proper breach of the duty of fair representation claim is the threshold analysis in determining if plaintiff has asserted a valid Section 301/fair representation claim. Jordan v. Viacom Outdoor Group, 475 F.Supp.2d 440, 444 (S.D.N.Y. 2007). In the case at bar, plaintiff fails to properly allege the fair representation aspect of his hybrid claim, therefore, this claim must be dismissed.

---

[6] Hybrid § 301/fair representation suits are governed by Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185) and the implied duty of fair representation under the National Labor Relations Act (29 U.S.C. § 151 *et seq*.). Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638, 227 F.3d 29, 33 (2d Cir. 2000).

5

To establish a breach of the duty of fair representation by a union, a plaintiff must establish: (1) "that the union's actions or inactions are either arbitrary, discriminatory, or in bad faith," and (2) "a causal connection between the union's wrongful conduct and their injuries." Llanos v. Brookdale Univ. Hosp. & Med. Center, 2011 WL 809615, *2 (E.D.N.Y. Mar. 2, 2011) (internal quotations omitted).

In crafting the duty of fair representation standard, courts have recognized that judicial review of union action in enforcing the collective bargaining agreement "must be highly deferential, recognizing the wide latitude that [unions] need for the effective performance of their bargaining responsibilities." Spellacy v. Airline Pilots Assoc. International, 156 F.3d 120, 126 (2d Cir. 1998) (quoting Gvozdenovic v. United Airlines, Inc., 933 F.2d 1100, 1106 (2d Cir. 1991) (internal citations omitted)), cert. denied 526 U.S. 1017, 119 S.Ct. 1251 (1999).

As such, the difficult standard necessary to state a breach of the duty of fair representation claim was recited by this Court as follows:

> "A union does not breach its duty of fair representation when it 'fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance.'" *Soto v. ECC Indus., Inc.,* No. 05–CV–4764, 2007 U.S. Dist. LEXIS 80603, at *15 (E.D.N.Y. Oct. 31, 2007). Moreover, "a union's failure or refusal to pursue a grievance on its own does not constitute a breach of the duty of fair representation unless that failure or refusal may be fairly characterized as so far outside of a wide range of reasonableness that it is wholly irrational or arbitrary." *Vera v. Saks & Co.,* 424 F.Supp.2d 694, 706 (S.D.N.Y.2006) (citations omitted), *aff'd* 2006 U.S.App. LEXIS 30620 (2d Cir.2006).

Giglio v. Buonnadonna Shoprite, LLC, 2009 WL 3150431, at *5.

In this case, plaintiff's complaint fails to allege facts supporting a DFR claim. Plaintiff alleges he was terminated by Pinelawn on March 23, 2013 because Pinelawn believed plaintiff had prior knowledge of a suspected act of arson that destroyed Pinelawn property, and failed to

6

warn Pinelawn or contact law enforcement beforehand. (Compl. ¶66, March 26, 2013 termination letter, Ex. "B" to Harkin Decl.) Plaintiff's termination was also based on the fact that Pinelawn believed he lied to Pinelawn's investigators when he denied any knowledge of the incident in question, and plaintiff's extremely poor work record and disciplinary history. (March 26, 2013 termination letter, Ex. "B" to Harkin Decl.) In or around April 2013, plaintiff alleges he "filed a formal grievance" with Local 74 regarding his termination by Pinelawn. (Compl. ¶72) On April 3, Local 74 representative Mike Herron filed a grievance with Pinelawn regarding the March 23, 2013 termination on behalf of plaintiff. (April 3, 2013 grievance letter, Ex. "C" to Harkin Decl.) Plaintiff alleges he spoke with Local 74 representative Mike Herron in person on April 23, 2013 regarding his April 3, 2013 termination grievance. (Compl. ¶¶73, 75) When plaintiff inquired regarding the status of his pending grievance, Herron stated that "I'll get back to you." (Id. ¶75) Plaintiff then concludes his allegations by asserting that Local 74 failed and/or refused to pursue a grievance on his behalf regarding his termination of employment. (Id. ¶¶75, 82)

The above-pled facts do not amount to a valid breach of the duty of fair representation claim against Local 74. In the complaint, plaintiff's allegations that Local 74's failure/refusal to pursue his termination grievance was "arbitrary, discriminatory, and/or with malice and in bad faith" are conclusory and without factual support. Moreover, plaintiff's allegation that Local 74 "acted arbitrarily" in failing to process his "meritorious grievance" is also merely a threadbare restatement of the applicable legal standard that is supported only with conclusory statements and suppositions. Where, as in this case, plaintiff has not alleged any actual facts in support of his fair representation claim, dismissal of the claim is warranted. See Semper v. New York Methodist Hosp., 786 F.Supp.2d 566, 585-586 (E.D.N.Y. 2011)(dismissing fair representation

7

claim where "[p]laintiff fail[ed] to make any claim regarding the manner in which or reasons behind the Union's failure to process her grievance."); Llanos v. Brookdale Univ. Hosp. & Med. Center, 2011 WL 809615, at *3 (granting Rule 12(b)(6) motion to dismiss fair representation claim where plaintiff failed to allege facts as to why his grievance was meritorious, or why the union's refusal to arbitrate was arbitrary or in bad faith)

 As in the above-cited cases, plaintiff in the case at bar cannot defeat the instant motion to dismiss by simply reciting the applicable duty of fair representation standards and baldly claiming that his grievance was meritorious and that Local 74's refusal to arbitrate said grievance was arbitrary, discriminatory, or in bad faith. Under controlling legal authority, a union's conduct is only arbitrary if, "in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." Llanos, 2011 WL 809615, at *3 (citing Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers, 415 F.3d 279, 283 (2d Cir. 2005)). In order to establish a union acted in bad faith, it must be alleged that the union acted "with an improper intent, purpose, or motive." Spellacy v. Airline Pilots Ass'n, 156 F.3d 120, 126 (2d Cir. 1998). "To be discriminatory, a union's actions must be invidious or unlawful." Nicholls v. Brookdale Univ. Hospital and Medical, 2005 WL 1661093, at *7 (E.D.N.Y. July 14, 2005)(internal quotations omitted), aff'd 204 Fed.Appx. 40 (2d Cir. 2006), see also Moore v. Roadway Express, Inc., 2008 WL 819049, at *4 (E.D.N.Y. Mar. 25, 2008) ("[D]iscrimination occurs when it favors some of its members at the expense of others without legitimate purpose.").

 Plaintiff's allegations clearly do not satisfy this highly deferential standard. In the complaint, plaintiff admits that Pinelawn notified him that he was being terminated due to his apparent knowledge of criminal activity that resulted in the destruction of Pinelawn property.

8

(Compl. ¶66) Moreover, plaintiff's March 26, 2013 termination letter further specifies the multiple reasonable grounds upon which Pinelawn based its decision to discharge plaintiff. (Ex. "B" to Harkin Decl.) Plaintiff also admits in his complaint that a grievance meeting was held with respect to a prior suspension he had received, and that Local 74 represented him at that meeting. (Compl. ¶¶73-74) Additionally, plaintiff's complaint alleges that a grievance was filed regarding his termination in April 2013. (Compl. ¶72) In fact, the grievance plaintiff refers to was filed by Local 74 at grievant's request. (April 3, 2013 grievance letter, Ex. "C" to Harkin Decl.) The complaint then simply alleges that Local 74 failed/refused to pursue his grievance further. Accordingly, the validly alleged facts in the complaint are insufficient to state a claim for breach of the duty of fair representation by Local 74.[7]

Finally, plaintiff fails to demonstrate the necessary causal connection between Local 74's alleged wrongful conduct and his injuries of "past and future lost wages and benefits, [and] past and future physical and emotional distress." (Compl. ¶ 87) Vaughn v. Air Line Pilots Ass'n, Intern., 604 F.3d 703, 709 (2d Cir. 2010) (after establishing that the union's actions or inactions are arbitrary, discriminatory or in bad faith, plaintiffs must then "demonstrate a causal connection between the union's wrongful conduct and their injuries", quoting Spellacy, 156 F.3d at 126), aff'd 377 Fed.Appx. 88 (2d Cir. 2010); see also Sim v. New York Mailers' Union Number 6, 166 F.3d 465 (2d Cir. 1999) (DFR claim must fail for failure to demonstrate a causal connection).

---

[7] Plaintiff's allegations that Local 74 denied "him the benefits of the CBA, including his right to arbitrate his termination and his right to restoration to the damage of Plaintiff in an amount to be determined at trial" are also conclusory and unsupported by factual claims. Plaintiff does not specify or allege the CBA provisions in question that give him these rights. Further, the CBA does not actually provide plaintiff with any of these rights. (Ex. "A" to Harkin Decl.)

Based on the foregoing, plaintiff fails to state a claim against Local 74 for breach of the duty of fair representation. His hybrid Section 301/fair representation claim should be dismissed as a result.

### B. Plaintiff fails to state a claim for breach of the CBA by Pinelawn

As set forth above, in order to make out a hybrid Section 301/fair representation claim, a plaintiff must prove that the union breached its duty of fair representation, and "that the employer breached a collective bargaining agreement." White v. White Rose Food, 237 F.3d 174, 178-79 (2d Cir. 2001). Accordingly, "[t]he plaintiff may sue the union or the employer, or both, but must allege violations on the part of both." Id.

In this case, plaintiff has failed to allege actual facts that support his bald conclusion that his grievance was meritorious. For this reason, plaintiff also fails to state a claim against Pinelawn for a breach of the CBA. In the absence of allegations of a meritorious grievance, it logically follows that the complaint also lacks viable factual allegations of the breach of the CBA. Thus, plaintiff's breach of the CBA claim under LMRA Section 301 is also insufficient as a matter of law, and dismissal of the entire hybrid Section 301/fair representation claim is required.

## POINT III

### THE COURT SHOULD DENY PLAINTIFF LEAVE TO AMEND THE COMPLAINT OR RE-FILE AGAINST LOCAL 74

If dismissal as to Local 74 is granted pursuant to the above arguments, leave to amend the complaint or re-file against Local 74 should be denied. Plaintiff's complaint is a cherry picking of the few facts that could be construed in favor of plaintiff's meritless claims. The remaining facts that are not in the complaint, and which Local 74 believes plaintiff to be aware of, further bolster the reasonable and permissible nature of the conduct of Local 74 and Pinelawn. As such,

any amendment or re-filing would similarly be deficient and dismissible under Rule 12(b)(6). See Chepilko v. City of New York, 2010 WL 3926186, at *1 (E.D.N.Y. Sept. 8, 2010) ("'An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).'" quoting Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)), report and recommendation adopted, 2010 WL 3909211 (E.D.N.Y. Sept. 27, 2010); Lucente v. International Business Machine Corp., 310 F.3d 243, 258 (2d Cir. 2002) (same); Amna v. New York State Dept. of Health, 2009 WL 6497844 (E.D.N.Y. Sept. 3, 2009) (recommending denial of motion for leave to amend where plaintiff's proposed second amended complaint fails to state a claim), report and recommendation adopted, 2010 WL 2076015 (E.D.N.Y. May 20, 2010).

The deficiencies in plaintiff's complaint cannot be cured, and any future amendment or re-filing would be futile and should be denied. See Heller v. Consolidated Rail Corp., 331 Fed.Appx. 766, 768, 2009 WL 1448977, at *1 (2d Cir. 2009) ("[A] district court need not grant leave to amend if it can rule out any possibility, however unlikely it might be, that an amended complaint would succeed."); Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here, as here, there is no merit in the proposed amendments, leave to amend should be denied.").

## **CONCLUSION**

For the foregoing reasons, the complaint should be dismissed in its entirety against defendant Local 74 with prejudice.  Leave to amend the complaint or re-file this action against Local 74 should be denied as well.

Dated: October 11, 2013                             Respectfully submitted,
       New York, New York                         O'DWYER & BERNSTIEN, LLP


                                      By:     ____/s/ Zachary Harkin_____
                                                ZACHARY HARKIN (ZH0620)
                                                Attorneys for defendant Local 74
                                                52 Duane Street, 5th Fl.
                                                New York, NY  100007
                                                212-571-7100
                                                zharkin@odblaw.co

## **CERTIFICATE OF SERVICE**

I, Zachary Harkin, hereby certify a true and correct copy of the foregoing was served this 11th day of October, 2013, via CM/ECF filing upon:

Edward Sample, Esq.
Frank & Associates, P.C.
Attorneys for plaintiff
500 Bi-County Blvd, #112N
Farmingdale, NY 11735

Eve Klein, Esq.
Eric Ruden, Esq.
Duane Morris LLP
Attorneys for defendant Pinelawn Cemetery
1540 Broadway
New York, NY 10036

Dated: October 11, 2013
       New York, NY

                                                                          ____/s/ Zachary Harkin_____
                                                                          Zachary Harkin