UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BRADLEY TANKIEWICZ,

                     Plaintiff,                    **Civ. Action No.:  13 CV 3914**
                                                                    **(JS)(ARL)**

      -against-

UNITED SERVICE WORKERS UNION LOCAL 74
and PINELAWN CEMETARY,

                     Defendants.
-----------------------------------------------------------------X


## PLAINTIFF'S MEMORANDUM OF LAW IN
## <u>OPPOSITION TO DEFENDANT PINELAWN CEMETARY'S MOTION TO DISMISS</u>


                                                           FRANK & ASSOCIATES, P.C.
                                                           Neil M. Frank
                                                           Peter Romero
                                                            Edward L. Sample, II.
                                                           *Attorneys for Plaintiff*
                                                           500 Bi-County Blvd, #112N
                                                           Farmingdale, NY 11735
                                                           Tel. (631) 756-0400
                                                           Fax. (631) 756-0547

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

FACTUAL BACKGROUND ................................................................................................1

ARGUMENT ..........................................................................................................................4

    I.    Defendant Pinelawn's Motion to Dismiss Must be Denied as Plaintiff Has Alleged Facts Sufficient to Support His Breach of The Duty of Fair Representation Claim .............................................................4

    II.    Plaintiff Has Alleged Facts Sufficient to Show That Local 74's Conduct Was Arbitrary, Discriminatory And in Bad Faith .........................................5

        A.    Local 74 Failed to Investigate Plaintiff's Grievance .......................8

        B.    Plaintiff's Grievance Had Merit .........................................................9

        C.    Plaintiff Demonstrates The Necessary Causal Connection Between Local 74's Wrongful Conduct And His Injuries ..............10

        D.    There is no Heightened Pleading Standard For a Breach of The Duty of Fair Representation Claim .........................................10

    III.    Plaintiff Has Alleged Facts Sufficient to Show That Defendant Pinelawn Has Breached The Collective Bargaining Agreement ...............11

    IV.    The Court Should Retain Federal Jurisdiction Over Plaintiff's State Law Claims ................................................................................................12

CONCLUSION ....................................................................................................................13

# TABLE OF AUTHORITIES

CASES

Air Line Pilots Ass'n v. O'Neill, 499 U.S. 65, 111 S.Ct. 1127 (1991) ............................6, 7

AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63 (2d Cir. 2003) ........11

Barr v. United Parcel Service, Inc., 868 F.2d 36 (2d Cir. 1989) ..........................................8

Bell Atl. Corp. v. Twombly, 55 U.S. 544, 127 S.Ct. 1955 (2007) ....................................4, 5

Burke v. CWA Local 1109, No. 07 CV 3595, 2009 WL 3805517 (E.D.N.Y. 2009)..........8

Caputo v. Nat'l Assoc. of Letter Carriers, 730 F.Supp. 1221 (E.D.N.Y. 1990)..................9

Carrion v. Enterprise Ass'n Metal Trades Branch Local Union 638,
    227 F.3d 29 (2d Cir. 2000)..........................................................................................6

Castelli v. Douglas Aircraft Co., 752 F.2d 1480 (9th Cir. 1985).........................................8

Chance v. Armstrong, 143 F.3d 698 (2d Cir. 1998) .............................................................4

Clergeau v. Local 1181, Amalgamated Transit Union, AFL-CIO,
    2008 WL 3334035 (E.D.N.Y. Aug. 10, 2008).............................................................5

Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers,
    34 F.3d 1148 (2d Cir. 1994)........................................................................................7

DelCostello v. Int'l Bhd. Of Teamsters, 461 U.S. 151, 103 S.Ct. 2281 (1983) ....5, 6, 7, 11

Dougherty v. Am. Tel. & Tel. Co., 902 F.2d 201 (2d Cir. 1990) .....................................5, 6

Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.,
    343 F.3d 189 (2d Cir. 2003)........................................................................................5

Emmanuel v. Intl. Bhd. of Teamsters, Local Union No. 25,
    426 F.3d 416 (1st Cir. 2005).......................................................................................8

Evangelista v. Inlandboatmen's Union of Pac., 777 F.2d 1390 (9th Cir. 1985).................9

Friends of Gong v. Pacific Culture, 109 Fed.Appx. 442 (2d Cir. 2004)............................13

Garcia v. Zenith Elecs. Corp., 58 F.3d 1171 (7th Cir. 1995)...............................................8

Hines v. Anchor Motor Freight, 424 U.S. 554, 96 S.Ct. 1048 (1976)...............................12

Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 119 S.Ct. 292 (1998) ......................... 7

Moore v. Roadway Express Inc.,
   No. 07 CV 977, 2008 WL 819049 (E.D.N.Y. Mar. 25, 2008) ........................... 9, 11

NLRB v. Local 282, Int'l Bhd. of Teamsters, 740 F.2d 141 (2d Cir. 1984) ....................... 7

Passante v. New York State Nurses Ass'n.,
   No. 10 CV 087, 2010 WL 2425953 (N.D.N.Y. June 11, 2010) ........................ 9, 11

Samuels v. Air Transport Local 504, 992 F.2d 12 (2d Cir. 1993) ....................................... 7

Sanozky, v. Int'l Ass'n of Machinists & Aerospace Workers,
   415 F.3d 279 (2d Cir. 2005) .................................................................................. 6, 7

Spellacy v. Airline Pilots Ass'n Int'l, 156 F.3d 120 (2d Cir. 1998) ..................................... 6

Streit v. Bushnell, 424 F.Supp.2d 633 (S.D.N.Y. 2006) ...................................................... 4

Thomas v. Little Flower for Rehabilitation & Nursing,
   793 F.Supp.2d 544 (E.D.N.Y. 2011) .......................................................................... 9

United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966) ............................... 13

Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903 (1967) ............................................................... 7

Young v. U.S. Postal Serv., 907 F.2d 305 (2d Cir. 1990) ................................................... 8

STATUTES

28 U.S.C. § 1367(a) ........................................................................................................... 12

29 U.S.C. § 185 .................................................................................................................... 1

RULES

Fed. R. Civ. P. 8(a)(2) ......................................................................................................... 4

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 4, 5

Plaintiff Bradley Tankiewicz respectfully submits this Memorandum of Law in Opposition to the Motion to Dismiss made by Defendant Pinelawn Cemetary ("Pinelawn"), dated October 11, 2013, based on Defendant Pinelawn's violation of § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Defendant Pinelawn's Motion should be denied in all respects as Plaintiff has properly stated a cause of action.

## FACTUAL BACKGROUND

Plaintiff began working for Defendant Pinelawn in May 2005 as a Driver/Maintenance Worker. (Compl. ¶ 28). Plaintiff satisfactorily performed his duties for more than six years. (Compl. ¶ 30). On or about July 9, 2010, Plaintiff sustained a work-related injury. (Compl. ¶ 31). Plaintiff tore his rotator cuff and suffered an inguinal hernia while lifting a casket. Id. He filed for worker's compensation benefits and was out of work for the next eleven months. (Compl. ¶ 34). Despite two corrective surgeries, Plaintiff continued to suffer extreme pain, especially when coughing, bending over or lifting heavy objects. (Compl. ¶¶ 35-37). Plaintiff also suffered continual swelling and pain in his testicles. Id.

In or about Spring 2011, Plaintiff advised Defendant Pinelawn he wished to return to work. (Compl. ¶ 38). Defendant Pinelawn refused to allow Plaintiff to return to work until he could demonstrate that he was 100% healed or had "no restrictions." (Compl. ¶ 39). On or about June 2011, Plaintiff's doctors provided him with a note authorizing him to return to work without restrictions. (Compl. ¶ 40).

Upon Plaintiff's return to work, Defendant Pinelawn began a campaign of harassment and intimidation against Plaintiff on the basis of his physical disabilities and in retaliation for taking extended leave. (Compl. ¶ 42). On Plaintiff's first day back to work, Defendant Pinelawn assigned him the physically arduous task of tamping graves. (Compl. ¶ 43). Plaintiff

1

complained to Defendant Pinelawn that operating the tamping machine was very difficult and aggravated his disabilities. (Compl. ¶ 44). Defendant Pinelawn ignored Plaintiff's complaints and refused to assign Plaintiff duties consistent with his physical limitations. (Compl. ¶ 45). Defendant Pinelawn also began to excessively scrutinize Plaintiff's work performance. (Compl. ¶ 46). Over the next year, Defendant Pinelawn issued more than 60 written performance write-ups to Plaintiff for trivial or non-existent infractions. Id.

On or about September 2012, after months of arduous physical labor, Plaintiff began to experience severe pain in his lower back. (Compl. ¶ 47). Plaintiff's chiropractor determined his back strain was directly caused by operating the tamping machine. (Compl. ¶ 49). Nevertheless, Defendant Pinelawn refused to relieve Plaintiff of this duty. (Compl. ¶51).

On or about November 2012, Defendant Pinelawn discovered one of its bulldozers had been intentionally destroyed in a fire. (Compl. ¶ 52). Defendant Pinelawn purportedly conducted an internal investigation. (Compl. ¶ 53). Plaintiff denied knowledge of or participation in the incident. (Compl. ¶ 55). Without any evidence whatsoever, Defendant Pinelawn's investigators told Plaintiff they "had reason to believe that he was involved." (Compl. ¶ 55). On or about December 2012, Defendant Pinelawn sent Plaintiff a letter stating it had "identified the person responsible for the arson." (Compl. ¶ 56).

Between December 2012 through January 2013, Defendant Pinelawn continued its campaign of harassment against Plaintiff. On or about December 2012, Defendant Pinelawn suspended Plaintiff for three days because he dumped top soil five minutes early. (Compl. ¶ 57). Defendant Pinelawn has no rule prohibiting employees from arriving early to dump top soil. Plaintiff filed a grievance with Defendant Local 74 regarding the suspension. (Compl. ¶ 58). On

2

or about January 2013, Defendant Pinelawn denied Plaintiff his Christmas bonus. (Compl. ¶¶ 59-60).

On March 21, 2013, Plaintiff called Defendant Pinelawn to report that he was suffering intense lower back pain and was unable to work. (Compl. ¶ 61). On March 22, 2013, Plaintiff again called Defendant Pinelawn to report that he was ill and unable to work. (Compl. ¶ 62). Plaintiff sought treatment from his chiropractor who determined he was physically unable to work. (Compl. ¶ 63). Plaintiff faxed to Defendant Pinelawn a doctor's note stating Plaintiff was "under doctor's care until Monday, March 25, 2013." (Compl. ¶¶ 63-64). That afternoon, Plaintiff's supervisor – George Molna – called Plaintiff at home and told him it was "mandatory" that he come to work the next day, Saturday, March 23, 2013. (Compl. ¶ 65). On March 23, 2013, Defendant Pinelawn's owner – Justin Locke – called Plaintiff's cellphone and left a message which stated: "You have been terminated as of today. We believe you had prior knowledge of the bulldozer arson." (Compl. ¶ 66).

On or about April 2013, Plaintiff filed a formal grievance with Defendant Local 74 regarding his unlawful discharge. (Compl. ¶ 72). On or about April 23, 2013, Defendant Local 74 held a grievance meeting regarding Plaintiff's December 2012 suspension. (Compl. ¶ 73). At the conclusion of the grievance meeting, Plaintiff asked Mike Herron, the Shop Steward, the status of his grievance regarding his discharge. (Compl. ¶ 75). Herron told Plaintiff "I'll get back to you." Id. To date, Defendant Local 74 has failed to pursue a grievance on behalf of Plaintiff regarding his discharge. (Compl. ¶ 76).

Defendant Local 74's conduct toward Plaintiff is arbitrary, discriminatory and/or with malice and in bad faith. (Compl. ¶ 77). Plaintiff had a meritorious grievance in that there was absolutely no evidence he had any prior knowledge of the incident, Defendant Local 74 was

3

aware of Plaintiff's grievance, and the union has acted arbitrarily in failing to process the grievance. (Compl. ¶ 78). Defendant Local 74 failed in its duty of fair representation to Plaintiff by failing to press Plaintiff's meritorious claims in a reasonable and adequate manner. (Compl. ¶ 79). Defendant Local 74 has caused injury to Plaintiff by denying him the benefits of the CBA. (Compl. ¶ 80).

In addition, Defendant Pinelawn breached the CBA by discharging Plaintiff without just cause. (Compl. ¶ 86).

## ARGUMENT

### POINT I

### DEFENDANT PINELAWN'S MOTION TO DISMISS MUST BE DENIED AS PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO SUPPORT HIS BREACH OF THE DUTY OF FAIR REPRESENTATION CLAIM

Dismissal of a complaint for failure to state a claim pursuant to Fed R. Civ. P. 12(b)(6) is proper only where plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 55 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed Rule Civ. P. 8(a)(2); see also Streit v. Bushnell, 424 F.Supp.2d 633, 640 (S.D.N.Y. 2006) (explaining that in reviewing a complaint for legal sufficiency for the purposes of adjudicating a Rule 12(b)(6) motion, the Court's point of departure is Rule 8(a)(2)). Thus, at the Rule 12(b)(6) stage, the test is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support his claims. See Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

In order to be facially plausible, a complaint cannot make merely "a formulaic recitation of the elements of a cause of action," but must allege facts that raise a right of relief above the

4

speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact). See Bell Atlantic, 550 U.S. at 555. The Second Circuit has interpreted the foregoing language to "requir[e] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible," rather than to mandate a "universal standard of heightened fact pleading." See Clergeau v. Local 1181, Amalgamated Transit Union, AFL-CIO, 2008 WL 3334035, at *2 (E.D.N.Y. Aug. 10, 2008).

In reviewing a Rule 12(b)(6) motion, the court must accept the factual allegations in the complaint as true, and all reasonable inferences are drawn in the plaintiff's favor. See Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc., 343 F.3d 189, 194 (2d Cir. 2003). Clearly, the standard to be applied by a court in ruling upon a motion to dismiss places a heavy burden on the moving party in light of the liberal pleading standards of the Fed. R. Civ. P. As set forth below, the allegations of Plaintiff's complaint set forth sufficient facts to allow him the opportunity to offer evidence in support of his breach of the duty of fair representation claim.

## POINT II

### PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO SHOW THAT LOCAL 74'S CONDUCT WAS ARBITRARY, DISCRIMINATORY AND IN BAD FAITH

"It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement." See DelCostello v. Int'l Bhd. Of Teamsters, 461 U.S. 151, 163, 103 S.Ct. 2281, 2290 (1983). An employee ordinarily "is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement" before filing suit, however, and therefore may only sue his employer under Section 301 if the employee's union has also "breach[ed] its duty of fair representation" to the employee. See DelCostello, 462 U.S. at 163-64; see also Dougherty v. Am. Tel. & Tel. Co.,

5

902 F.2d 201, 203 (2d Cir. 1990). To prevail on such a "hybrid § 301/duty of fair representation claim," the plaintiff "must demonstrate both (1) that [the employer] breached its collective bargaining agreement and (2) that [the union] breached its duty of fair representation. See Sanozky, v. Int'l Ass'n of Machinists & Aerospace Workers, 415 F.3d 279, 282 (2d Cir. 2005); see also DelCostello, 462 U.S. at 164-65 (outlining the two claims and identifying them as "inextricably interdependent"). Thus, although the plaintiff need not name both the employer and the union as defendants, the plaintiff must prove fault by both in order to succeed against either. See Carrion v. Enterprise Ass'n Metal Trades Branch Local Union 638, 227 F.3d 29, 33 (2d Cir. 2000); see also DelCostello, 462 U.S. at 165 ("The employee may . . . sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.").

It is well established that a union has a duty to represent fairly all employees subject to the collective bargaining agreement. See Spellacy v. Airline Pilots Ass'n Int'l, 156 F.3d 120, 126 (2d Cir. 1998), citing Air Line Pilots Ass'n v. O'Neill, 499 U.S. 65, 74, 111 S.Ct. 1127, 1134 (1991). The Supreme Court has explained the basis for the duty of fair representation as follows:

> The duty of fair representation exists because it is the policy of the National Labor Relations Act to allow a single labor organization to represent collectively the interests of all employees within a unit, thereby depriving individuals in the unit of the ability to bargain individually or to select a minority union as their representative. In such a system, if individual employees are not to be deprived of all effective means of protecting their own interests, it must be the duty of the representative organization to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.

6

DelCostello, 462 U.S. at 164, n.14, quoting Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903, 909-10 (1967).

The duty of fair representation plays a central role in the nation's labor policy and has long "stood as a bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law." See Vaca v. Sipes, 386 U.S. at 182. In order to establish a breach of the duty of fair representation, the plaintiff must show both that the union's conduct towards him was "arbitrary, discriminatory, or in bad faith" and that the damages he suffered were caused by the union's breach. See Sanozky, 415 F.3d at 282-83 (citing Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44, 119 S.Ct. 292, 300 (1998)).

An arbitrary breach of a union's duty of fair representation occurs "only if [the union's] conduct can be fairly characterized as so far outside a 'wide range of reasonableness' that it is wholly 'irrational.'" See Air Line Pilots, 499 U.S. at 78. Arbitrary conduct includes both intentional conduct and "acts of omission which, while not calculated to harm union members, may be so egregious, so far short of minimum standards of fairness to the employee and so unrelated to legitimate union interests as to be arbitrary." See NLRB v. Local 282, Int'l Bhd. of Teamsters, 740 F.2d 141, 147 (2d Cir. 1984). A union acts arbitrarily when it "ignores or perfunctorily presses a meritorious claim," Samuels v. Air Transport Local 504, 992 F.2d 12, 16 (2d Cir. 1993), but not where it "fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance." See Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1154-55 (2d Cir. 1994).

Before deciding that a grievance lacks merit, however, the union must "conduct at least a 'minimal investigation' . . . [b]ut under this standard, only an 'egregious disregard for union

7

members' rights constitutes a breach of the union's duty to investigate." See Emmanuel v. Intl. Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 420 (1st Cir. 2005) (quoting Garcia v. Zenith Elecs. Corp., 58 F.3d 1171, 1176 (7th Cir. 1995); see also Castelli v. Douglas Aircraft Co., 752 F.2d 1480, 1483 (9th Cir. 1985). Accordingly, to find a breach of the duty of fair representation based on arbitrary conduct, the Court must determine whether the plaintiff has plausibly alleged that: (1) the plaintiff had a meritorious grievance; (2) the union was aware of the grievance; and (3) the union acted arbitrarily in failing to process the grievance. See Young v. U.S. Postal Serv., 907 F.2d 305, 308 (2d Cir. 1990).

    A.    Local 74 Failed to Investigate Plaintiff's Grievance

The instant matter is not a case where the broad discretion afforded a union in selecting cases for arbitration is challenged. See Burke v. CWA Local 1109, No. 07 CV 3595, 2009 WL 3805517 (E.D.N.Y. 2009) (union member does not have an absolute right to have his grievance taken to arbitration and unions are afforded broad discretion when making such decisions). Nor is it a case where plaintiff claims tactical errors or negligence resulted in a breach of the duty of fair representation. See Barr v. United Parcel Service, Inc., 868 F.2d 36 (2d Cir. 1989). Rather, this is a case where Local 74 completely ignored even the minimal obligations it owed to Plaintiff as his exclusive representative.

Local 74 acted in an arbitrary or discriminatory manner when it completely ignored Defendant Pinelawn's termination of Plaintiff's more than six years of employment. The basis for Plaintiff's termination – involvement in the bulldozer arson – was false. Plaintiff has alleged that Local 74 was aware of his grievance, failed to investigate his grievance and failed to pursue his grievance in a reasonable and adequate manner.

8

Local 74's failure to conduct any investigation after notice of Plaintiff's grievance plausibly alleges a breach of the duty of fair representation. See Thomas v. Little Flower for Rehabilitation & Nursing, 793 F.Supp.2d 544, 548 (E.D.N.Y. 2011) (denying union's motion to dismiss breach of duty of fair representation claim where union failed to investigate plaintiff's grievance). Local 74 had a "duty to perform some minimal investigation . . . [and] . . . exercise special care in handling [Plaintiff's] grievance which concern[ed] [his] discharge." See Evangelista v. Inlandboatmen's Union of Pac., 777 F.2d 1390, 1395 (9th Cir. 1985). Not only has Local 74 failed to make any representation that it did perform an investigation, but on a Rule 12(b)(6) motion to dismiss, the Court is required to make all inferences and construe any ambiguities in favor of Plaintiff. Thus, the Complaint plausibly asserts that Local 74's conduct in failing to process Plaintiff's grievance was more than mere negligence or a tactical error, but rather arbitrary, discriminatory or in bad faith. See Passante v. New York State Nurses Ass'n., No. 10 CV 087, 2010 WL 2425953 (N.D.N.Y. June 11, 2010) (denying motion to dismiss duty of fair representation claim where union ignored plaintiff's discharge grievance); see also Caputo v. Nat'l Assoc. of Letter Carriers, 730 F.Supp. 1221, 1229 (E.D.N.Y. 1990) ("[T]he failure to act does make out a claim . . . because it is not the result of an error in judgment, given that it was not the result of a deliberative process, but rather an omission which is properly characterized as arbitrary."); Moore v. Roadway Express Inc. and Local 707, No. 07 CV 977, 2008 WL 819049 (E.D.N.Y. Mar. 25, 2008) (denying motion to dismiss where plaintiff alleged that the union failed to respond to and conduct any investigation into his complaints).

B.     Plaintiff's Grievance Had Merit

Defendant Pinelawn incorrectly claims that Plaintiff's Complaint fails to demonstrate that his grievance was meritorious. Defendant Pinelawn's reason for terminating Plaintiff; i.e.,

9

his alleged "advance knowledge of an act of arson to its bulldozer" is false. Def. Memo at 6. Defendant Pinelawn fails to allege a single fact to support the basis for this vague and conclusory belief, let alone demonstrate or prove this belief. Plaintiff specifically denies any knowledge or involvement concerning the bulldozer arson. (Compl. ¶ 55). As Defendant Pinelawn's reason for terminating Plaintiff is false, it is clear that Plaintiff's grievance had merit.

    C.    Plaintiff Demonstrates The Necessary Causal Connection Between Local 74's Wrongful Conduct And His Injuries

Plaintiff's Complaint demonstrates the necessary causal connection between Local 74's wrongful conduct and his injuries. Plaintiff's Complaint clearly cites injury he suffered as a result of wrongful conduct by Local 74 and Defendant Pinelawn. Plaintiff alleges that Local 74 has caused injury to Plaintiff by denying him the benefits of the CBA, including his right to arbitrate his termination and his right to restoration to the damage of Plaintiff in an amount to be determined at trial. (Compl. ¶ 80). Plantiff alleges Local 74's refusal to process Plaintiff's grievance negatively affected Plaintiff in that he was unable to seek representation against Defendant Pinelawn. (Compl. ¶ 85). Plaintiff further complains that he has suffered, is suffering and will continue to suffer severe economic and non-economic damages because of Local 74's unlawful conduct. (Compl. ¶ 5). Finally, as a result of Local 74's conduct, Plaintiff suffered damages, including past and future lost wages and benefits, past and future physical and emotional distress. (Compl. ¶ 87). Thus, it is clear that Plaintiff has alleged the necessary causal connection.

    D.    There is no Heightened Pleading Standard for a Breach of The Duty of Fair Representation Claim

Although Defendant Pinelawn's cases addressing the duty of fair representation use strong language with respect to the wide discretion afforded to union determinations, there is no

heightened pleading standard for a breach of the duty of fair representation cause of action. Although Plaintiff's Complaint clearly does so, Plaintiff was not required to provide proof that his grievance was meritorious, or that Local 74 failed to investigate, because, when deciding a Rule 12(b)(6) motion to dismiss, the Court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." See AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted). Thus, accepting the facts as alleged in the complaint as true, and construing all reasonable inferences in Plaintiff's favor, Plaintiff claim that Local 74 breached the duty of representation is plausible and therefore sufficient at this preliminary stage. See Passante, 2010 WL 2425953 at *3 ("It is enough at this juncture that [the union] allegedly failed to meet the minimum requirements in handling [plaintiff's] grievance and that such a failure was not a tactical decision but rather an arbitrary omission – an omission that may have involved either no decision at all or a decision made in reckless disregard of [plaintiff's] rights."); see also Moore, 2008 WL 819049 at *5 ("Assuming, as the court must, that plaintiff made valid complaints to his shop steward and that [the union] failed to conduct even a minimal investigation, plaintiff has stated a claim that [the union] breached its duty of fair representation by failing to investigate plaintiff's grievances.").

## POINT III

### PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO SHOW THAT DEFENDANT PINELAWN HAS BREACHED THE COLLECTIVE BARGAINING AGREEMENT

Plaintiff's claims against Local 74 for breach of the duty of fair representation and against Defendant Pinelawn for breach of the collective bargaining agreement are "inextricably interdependent." See DelCostello, 462 U.S. at 164. To prevail against either Local 74 or Defendant Pinelawn, Plaintiff must not only show that his rights under the collective bargaining

agreement were violated by Defendant Pinelawn's actions but must also carry the burden of demonstrating a breach of duty by Local 74. See Hines v. Anchor Motor Freight, 424 U.S. 554, 570-71, 96 S.Ct. 1048, 1059-60 (1976). Therefore, the Court must measure the sufficiency of Plaintiff's Complaint against Defendant Pinelawn in light of his allegations not only as to Defendant Pinelawn but as to Local 74 as well.

So viewed, Plaintiff's Complaint plainly recites a cognizable claim against Defendant Pinelawn. The Complaint clearly alleges that Defendant Pinelawn breached the collective bargaining agreement by discharging Plaintiff without just cause. (Compl. ¶ 86). Plaintiff also alleges that his failure to avail himself of the contractual dispute mechanisms available under the collective bargaining agreement was the result of a breach by Local 74 of its duty to represent Plaintiff fairly. (Compl. ¶ 83). Thus, Plaintiff has alleged not only a viable cause of action against Local 74 for breach of the duty of fair representation, but has also alleged a viable cause of action against Defendant Pinelawn for breach of the CBA.

## POINT IV

### THE COURT SHOULD RETAIN FEDERAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

Defendant Pinelawn urges the court to decline supplemental jurisdiction over the remaining state law claims, in the event the federal claim is dismissed. Nevertheless, they fail to offer a single reason why the court should be so inclined. 28 U.S.C. § 1367(a) empowers the district court with supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." There is no question – and Defendant Pinelawn implicitly concedes – that the conduct complained of forms part of the "same case or controversy" alleged against them.

While the district court has discretion to decline to exercise its supplemental jurisdiction, such a declination would be entirely inappropriate in the case at bar. The "balance of factors" to be considered under the jurisdiction doctrine overwhelmingly tips in favor of the court retaining jurisdiction in this case. See Friends of Gong v. Pacific Culture, 109 Fed.Appx. 442, 445 (2d Cir. 2004) (A district court does not abuse its discretion in exercising supplemental jurisdiction over a plaintiff's state-law claims if all of the plaintiff's federal and state-law claims arise from a common nucleus of operative fact that would ordinarily be expected to be tried in one judicial proceeding).

The events giving rise to the state law claims are common to Defendant Pinelawn, Defendant Pinelawn participated in a single series of conduct culminating in the termination of Plaintiff, and the evidence required to prove liability is common to Defendant Pinelawn. Further, this Court's exercise of pendent jurisdiction over Plaintiff's state law claims, while not automatic, is a favored and normal course of action. See United Mine Workers v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 1139 (1966). If this Court were to decline pendent jurisdiction under these circumstances, a waste of judicial resources and undue prejudice to Plaintiff will be the inevitable result.

## CONCLUSION

Plaintiff has properly stated a claim for which relief can be granted. Plaintiff's Complaint adequately alleges that the union arbitrarily ignored his meritorious grievance and failed in its duty of fair representation to conduct at least some minimal investigation into his discharge. Furthermore, Plaintiff has alleged facts sufficient to show that Defendant Pinelawn has breached the collective bargaining agreement. Defendant Pinelawn's motion to dismiss

Plaintiff's breach of the duty of fair representation claim must be denied so that Plaintiff is afforded the opportunity to present evidence in support of that claim.

Dated: Farmingdale, New York
       November 21, 2013

                              Respectfully Submitted,

By: _____
     Edward L. Sample, II.

FRANK & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
500 Bi-County Blvd, #112N
Farmingdale, NY 11735
Tel. (631) 756-0400
Fax. (631) 756-0547

14

## AFFIRMATION OF SERVICE

STATE OF NEW YORK    )
                     )
COUNTY OF SUFFOLK    )

Edward L. Sample, II., an attorney duly admitted to practice law in the State of New York, affirms the following under the penalties of perjury:

I am an Associate with the law firm of **FRANK & ASSOCIATES, P.C.**, attorneys for Plaintiff herein.

On November 21, 2013 I served a true copy of **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT PINELAWN'S MOTION TO DISMISS** via ECF, which served notice on Defendant Pinelawn's attorneys, as indicated below:

**EVE I. KLEIN, ESQ.**
*Attorney for Defendant Pinelawn*
Duane Morris, LLP
1540 Broadway
New York, NY 10036
(212) 692-1000

_____
Edward L. Sample, II., Esq.

15