UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BRADLEY TANKIEWICZ, | : | CIVIL ACTION NO. |
| | : | 13-CV-3914(JS)(ARL) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED SERVICE WORKERS UNION | : | |
| LOCAL 74 and PINELAWN CEMETARY | : | |
| Defendants. | : | December 23, 2013 |

**<u>DEFENDANT PINELAWN CEMETERY'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS</u>**

Defendant, Pinelawn Cemetery ("Pinelawn") [1], by and through its counsel, Duane Morris LLP, respectfully submits this reply memorandum of law in further support of its motion to dismiss the complaint (the "Complaint"), filed by Plaintiff Bradley Tankiewicz's ("Plaintiff"), dated July 12, 2013, in its entirety pursuant to Rule 12(b)(6) for failing to sufficiently allege a claim upon which relief can be granted.

**<u>PRELIMINARY STATEMENT</u>**

In Pinelawn's initial moving papers, Pinelawn argued that because Plaintiff fails to properly allege a claim for breach of duty of fair representation against United Service Workers Union Local 74 (the "Union") under the Labor Management Relations Act ("LMRA"), Plaintiff's claim against Pinelawn for breach of the CBA must fail and the Court should decline supplemental jurisdiction over Plaintiff's state NYSHRL claims. Plaintiff responds to Pinelawn's motion to dismiss by citing general case law and relying on new allegations not

---

[1] Pinelawn's name is incorrectly spelled in the Complaint.

included in the Complaint.  Plaintiff's Opposition fails to demonstrate how Plaintiff sufficiently pled a claim for breach of the duty of fair representation in the Complaint.

In opposing Pinelawn's motion to decline supplemental jurisdiction, Plaintiff ignores the fact that Pinelawn is moving the Court to decline supplemental jurisdiction in the event the Court dismisses Plaintiff's federal claims, as Pinelawn seeks in its motion.  Plaintiff's argument that Plaintiff's state law claims and federal claims arise from a common nucleus of facts ignores the fact that Plaintiff will have no remaining federal law claims if Pinelawn's Motion to Dismiss is granted.  With no remaining federal claims, the Court should decline supplemental jurisdiction at this early stage of the proceedings and dismiss this Action.

## ARGUMENT

**I.  PLAINTIFF CANNOT AVOID DISMISSAL OF THIS ACTION BY RELYING ON NEW FACTUAL ALLEGATIONS NOT ALLEGED IN THE COMPLAINT**

As argued in Pinelawn's moving papers, Plaintiff fails sufficiently to plead facts that demonstrate a plausible entitlement to relief for breach of the duty of fair representation. Plaintiff responds to this argument by citing general case law and relying on new allegations not included in the Complaint.  It is well established that Plaintiff "cannot amend his complaint by asserting new facts or theories for the first time in opposition to Defendant['s] motion to dismiss."  *See Walia v. Napolitano,* 2013 U.S. Dist. LEXIS 169760, at *30 (E.D.N.Y. Dec. 2, 2013); *see also K.D. v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197 (S.D.N.Y. 2013); *Tomlins v. Wappinger Falls Zoning Bd. Of Appeals*, 812 F. Supp. 2d 357, 363 (S.D.N.Y. 2011).  Plaintiff states the Union "…<u>completely ignored</u> Defendant Pinelawn's termination of Plaintiff's more than six years of employment."  *See* Plaintiff's Memorandum of Law in Opposition to Pinelawn's Motion to Dismiss ("Opposition"), p. 8 (emphasis added).  Additionally, Plaintiff states the Union "failed to investigate his grievance…" and failed to pursue his grievance in a

reasonable and adequate manner." *Id.* Similarly Plaintiff states that that the Union "fail[ed] to conduct any investigation after notice of Plaintiff's grievance…" *Id.* at p. 9. Plaintiff's Complaint contains no allegations that the Union ignored his grievance or failed to investigate his grievance because Plaintiff could not truthfully plead these allegations. Plaintiff instead states that "Local 74 failed to make any representation that it did perform an investigation," misplacing Plaintiff's own burden to plead sufficient facts to support his claim. *Id.* at 9. Further, Plaintiff's allegations are completely contradicted by the letter the Union provided Plaintiff on May 9, 2013, stating "that after careful review of all the facts and circumstances relating to your termination grievance…Local 74 is informing you that we will not be proceeding further with this matter." See Union's Reply Brief in Support of Union's Motion to Dismiss, Exhibit D, ECF 22-2.

Plaintiff additionally opposes Pinelawn's motion to dismiss on the basis that Plaintiff's grievance had merit. Plaintiff inaccurately states "Defendant Pinelawn incorrectly claims that Plaintiff's Complaint fails to demonstrate that his grievance was meritorious." *See* Opposition, p. 9. Plaintiff confuses Pinelawn's argument which is that there is no basis to believe, nor has any been alleged, that the Union's decision to decline to grieve Plaintiff's discharge was based on arbitrary or discriminatory reasons. Plaintiff again misplaces his own burden when he states "Defendant Pinelawn fails to allege a single fact to support the basis…" for Plaintiff's termination. *Id.* at p. 10. This is an effort by Plaintiff to distract the Court from the reality that Plaintiff alleges no facts to support his conclusory allegation that the Union's decision to not pursue Plaintiff's grievance was arbitrary or discriminatory.

Finally, Plaintiff argues that there is no heightened pleading standard for a breach of the duty of fair representation claim. Pinelawn does not argue that there is a heightened pleading

standard for such claims. But like all claims, Plaintiff must plead facts that demonstrate a plausible entitle to relief for breach of the duty of fair representation. *See Semper v. N.Y. Methodist Hosp.*, 2010 U.S. Dist. LEXIS 142398, at *40 (E.D.N.Y. Mar. 30, 2010) ("Where a plaintiff has not alleged any facts to support her claims of breach of duty of good faith, the claim must be dismissed." Both *Passante v. New York State Nurses Assoc.*, 2010 WL 2425953, at *3 (N.D.N.Y. June 11, 2010) and *Moore v. Roadway Express, Inc.*, 2008 WL 819049, at *4 (E.D.N.Y. Mar. 25, 2008), which are relied upon by Plaintiff to support his Opposition, are distinguishable from this case as plaintiffs in those cases alleged in the complaints that the union failed to investigate their grievances. Here, Plaintiff has made no such factual allegations in the Complaint and he cannot truthfully make such allegations.

      Thus the Court should dismiss Plaintiff's claim against the Union for breach of its duty of fair representation.

**II.    PLAINTIFF CONCEDES THAT IF HE HAS NO VIABLE CLAIM AGAINST THE UNION, HIS CLAIM AGAINST PINELAWN MUST FAIL**

      Plaintiff does not dispute that to have a valid Section 301 claim against Pinelawn for breach of the Collective Bargaining Agreement ("CBA"), it must also have a valid claim against the Union for breach of the duty of fair representation. *See* Opposition, p. 11-12. As stated above and in Pinelawn's moving papers, Plaintiff's claim against Pinelawn for breach of the CBA must fail because Plaintiff has insufficiently alleged a claim against the Union for breach of its duty of fair representation.

**III.    PLAINTIFF PROVIDES NO JUSTIFICATION FOR THE COURT TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE CLAIMS IF THE COURT DISMISSES HIS FEDERAL LMRA CLAIMS**

      Plaintiff acknowledges that Pinelawn moves the court to decline supplemental jurisdiction "in the event the federal claim is dismissed." *See* Opposition, p. 12. However,

4

Plaintiff's Opposition only addresses general supplemental jurisdiction standards, and fails to respond to Pinelawn's argument as to the impact of the dismissal of the federal claim on the pendent state claims.

Plaintiff states in his Opposition that Pinelawn "fail[s] to offer a single reason why the court should be so inclined" to decline supplemental jurisdiction if Plaintiff's federal claims are dismissed. *See* Opposition, p. 12. Plaintiff completely ignores Pinelawn's reasons, articulated in Pinelawn's moving papers, why the Court should decline supplemental jurisdiction if it dismisses Plaintiff's federal claims. First, courts have generally held that the district court should decline to exercise supplemental jurisdiction over pendent state-law claims "where all the federal claims have been dismissed at a relatively early stage," as this case clearly is at. *See Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC*, 414 Fed. Appx. 334, 337 (2d Cir. 2011). Second, courts in this Circuit have readily declined to exercise supplemental jurisdiction over plaintiff's state claims where plaintiff's LMRA claims were dismissed. *See Gear v. Dep't of Educ.*, 2010 U.S. Dist. LEXIS 137153, at *16 (S.D.N.Y. Dec. 21, 2010), *aff'd*, 472 Fed. Appx. 67 (2d Cir. 2012) (declining supplemental jurisdiction over plaintiff's New York State Human Rights Law and New York City Human Rights Law claims after dismissing plaintiff's LMRA claims); *Sampson v. Dist. Council of N.Y. City*, 2012 U.S. Dist. LEXIS 141822, at *21 (S.D.N.Y. Sep. 27, 2012); *Ciliberti v. IBEW Local 3*, 2012 U.S. Dist. LEXIS 95406, at *39 (E.D.N.Y. Jul. 10, 2012). As argued in Pinelawn's moving papers, this Court should follow the well-established precedent and decline to exercise supplemental jurisdiction over Plaintiff's state-law claims if the Court dismisses Plaintiff's LMRA claims.

## **CONCLUSION**

For the reasons set forth above and in Defendant's initial moving papers, Defendant respectfully requests that this Court: (1) pursuant to Fed. R. Civ. P. 12(b)(6), dismiss Plaintiff's

First Cause of Action for failure to state a claim upon which relief can be granted; (2) decline supplemental jurisdiction of Plaintiff's Second, Third, and Fourth Causes of Action; and (3) grant Defendant such other relief as this Court may deem just and proper.

Dated:  December 23, 2013
        New York, NY

                          DUANE MORRIS LLP

                        By  /s/ *Eve I. Klein*
                            Eve I. Klein, Esq.
                            Eric W. Ruden, Esq.
                            1540 Broadway
                            New York, NY 10036
                            Tel. (212) 692-1000
                            Fax. (212) 214-0650
                            eiklein@duanemorris.com
                            eruden@duanemorris.com
                            Attorneys for Defendant Pinelawn Cemetery

## **CERTIFICATION**

I hereby certify that on this **23rd** day of **December, 2013**, a copy of the above document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing. A complete, duplicate copy of this document has been forwarded directly to Judge Seybert.

/s/ *Eric W. Ruden*
Eric W. Ruden, Esq.